IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

ALGANESH REDA INDIVIDUALLY AND )
D/B/A U AND I FOOD MART )
   PLAINTIFFS )
 )
V. )
 ) Case No. 10-1616-II
 ) DEMAND FOR JURY
PEERLESS INDEMNITY INSURANCE COMPANY )
MONTGOMERY INSURANCE COMPANY )
LIBERTY MUTUAL GROUP )
   DEFENDANTS )
 )

## COMPLAINT

Comes now the Plaintiffs for their complaint against the defendants and would state the following for their cause of action:

### OVERVIEW OF ACTION

1. This insurance coverage dispute arises from fire damage to the location leased by the Plaintiffs at 469 Bell Road, Nashville, Tennessee 37217 ("the Premises"). The Plaintiffs owned and operated a convenience store. On or about the 18th day of October, 2008 a fire occurred at the Premises causing damages to the Plaintiffs' goods and interrupted its ability to continue to operate the store. This action is brought against the Defendants for damages caused by the insurers wrongful conduct alleged herein.

### FACTS RELEVANT TO ALL COUNTS

### THE PARTIES

2. Alganesh Reda is a resident of the City of Nashville, County of Davidson, State of Tennessee.

EXHIBIT A

1

3. You and I Food Mart at the time of the acts alleged herein was duly licensed under the laws of the State of Tennessee.

4. The defendant Peerless Indemnity Insurance Company is the underwriting company for Montgomery Insurance which is a member of the Liberty Mutual Group.

## VENUE

5. All acts complained of herein occurred in the City of Nashville, County of Davidson, State of Tennessee.

## FACTS

6. The Premises was insured by Peerless Indemnity Company. Pursuant to the Policy ("the Policy") it states in pertinent part (attached as Exhibit A):

   "In return for the payment of premium, subject to all the terms of this policy, we agree with you to provide insurance as stated in this policy."

7. On or about the 18th day of October, 2008 a fire occurred at the Premises completely destroying the Plaintiffs' goods as well as completely causing the store to close.

8. As a proximate cause of the fire and among other things, the Plaintiffs incurred loss of business income as well as the value of the goods.

9. Pursuant to the Policy the following was covered and stated in pertinent part:

   "We will pay for direct physical loss of or damaged to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." If further states in pertinent part:

"If the necessary suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during that period".

8. Despite suffering loss pursuant to the Policy and demanding payment of damages that are the proximate cause of the fire, defendants have refused to pay pursuant to the Policy.

9. Although the defendants have a duty to pay the Plaintiffs, they refuse to pay such and paid the lessor of the Premises for damages pursuant to the Policy.

## CAUSE OF ACTION

### INSURER'S WRONGFUL DENIAL OF COVERAGE

10. The defendants sent a letter to the Plaintiff on the 31st day July of 2009 denying coverage (attached as Exhibit B) based upon unfounded allegations that the Plaintiffs made material misrepresentations in Examination Under Oath as well as alleging that the Plaintiffs made fraudulent statements.

11. Defendants further denied the Plaintiffs' claim for damages pursuant to the Policy alleging that the Plaintiffs committed arson.

12. On June 21st, 2010 the Plaintiffs sent a letter to the defendants asking them to reconsider their position as to denial of claim (attached as Exhibit C).

13. On July 8th, 2010 the defendants reiterated their position that they would not pay for claims for damages pursuant to the Policy relative to the fire that occurred on October 18th, 2010.

14. The Insurers have refused to provide coverage and to make any payments under the Policy for the losses and damages caused by the October 18th, 2009 fire.

15. This position is contrary to the language of the Policy and applicable law and it is contrary to the representations made by the Insurers.

16. The defendant's refusal to pay the Plaintiffs' damages pursuant to the contract are in violation of Tennessee Code Annotated §57-8-105 et. seq.

## BREACH OF CONTRACT

17. Plaintiffs incorporate by reference paragraphs 1-16 as if set out forth fully herein.

18. The Defendants' refusal to provide coverage and to pay for any losses and/or damages sustained by the Plaintiffs pursuant to the Policy is a breach of the Policy and the Defendants' obligations under the Policy and applicable law.

19. Plaintiffs have incurred damages as a result of the Defendants' breach of the contract under the Policy and their obligations under applicable law. Plaintiffs' damages are continuing. Plaintiffs' damages include, but not limited to, the proceeds due and owing under the Policy, the cost incurred by Plaintiffs to address the damages, the diminished value of the property that was destroyed because of the fire, loss of income and other damages caused by the Defendants breach of the Policy and other damages to be proven at trial.

## ESTOPPEL

20. Plaintiffs incorporate by reference paragraphs 1-19 as if set out forth full herein.

21. The defendants were authorized to issue certificates of insurance in connection with the coverage afforded by the Policy representing liability on the behalf of the defendants in the event of a fire.

22. Plaintiffs relied on the certificates of insurance issued on behalf of the defendants asserting that in the event of fire the Plaintiffs would be compensated for their damages.

23. In light of the certificate of insurance issued by the Defendants, the Defendants are estopped from asserting that the Plaintiffs had no coverage for the losses and damages caused by the October 18, 2010 fire.

## NEGLIGENCE

24. Plaintiffs incorporate by reference paragraphs 1-23 as if set forth fully herein.

25. Defendants have a duty using skill and judgment required by professionals in a similar business to accurately represent coverage afforded by the Policy and not to misrepresent that coverage.

26. Plaintiffs relied on the defendants representations made that they were covered under the Policy in the event of loss by fire.

27. As such, the defendants are liable to the Plaintiffs for its misrepresentation and seek damages as such.

## TENNESSEE CONSUMER PROTECTION ACT

28. Plaintiffs incorporate by reference paragraphs 1-27 as if set forth fully herein.

29. The Certificate of Insurance issued by Peerless Indemnity Insurance Company by and through its insurance group issued prior to the fire expressly warrants that the Plaintiffs are covered for losses that are the proximate cause a fire.

5

30. The defendants' failure and refusal to acknowledge and pay for the coverage that they understood, represented and intended to be covered by the Policy constitutes an unfair and deceptive practice or a practice declared unlawful pursuant to Tennessee Code Annotated §47-18-109 et.seq codified as the Tennessee Consumer Protection Act.

31. Plaintiffs have suffered an ascertainable loss of money and property as a result of the use of the unfair and deceptive practices by the defendants within the meaning of the TCPA and the Plaintiffs are entitled to relief available under the TCPA as a result of such unfair and/or deceptive act.

32. The Defendants violation of the TCPA is willful and/or knowing entitling Plaintiffs to three times their actual damages and all other relief the Court deems proper.

### FRAUD

33. Plaintiffs incorporate paragraphs 1-32 by reference as if set out verbatim.

34. The Defendants with intent represented to the Plaintiffs that they would be covered by the Policy for the damages sustained as a result of a fire.

35. Plaintiffs relied upon the Defendants' representations.

36. Defendants intentionally induced the Plaintiffs to procure the Policy knowing that it would not cover the Plaintiffs' damages that it sustained as a result of a fire.

37. Defendants' representations and actions are fraudulent and deceptive and as such the Plaintiffs are entitled to damages.

### DECLARATORY JUDGMENT

38. Plaintiffs incorporate paragraphs 1-37 by reference as if set out verbatim.

39. A justiciable controversy exists regarding the parties' rights and obligations under the Policy and applicable law with respect to the coverage and payment of damages pursuant to the Policy.

40. The issuance of a declaratory judgment by this Court will terminate existing uncertainty and controversy among the parties relative to the construction and interpretation of the Policy and the parties' rights and obligations under the Policy and applicable law.

**WHEREFORE PREMISES CONSIDERED, THE PLAINTIFFS PRAY:**

1. That this complaint be filed and copy be served upon the defendants requiring them to answer within the time prescribed by law.

2. Plaintiffs be granted a judgment against the defendants in an amount to be proven at trial sufficient to compensate Plaintiffs for their losses and damages caused by the defendants' breach of their obligations under the Policy and applicable law.

3. Judgment in Plaintiffs' favor against the defendants in an amount to be proven at trial sufficient to compensate the Plaintiffs to including damages in the amount of five hundred thousand dollars ($500,000).

4. Declaratory Judgment declaring that the Policy was in full and effect on October 18th, 2010 and that the Plaintiffs are entitled to payment pursuant to the Policy.

5. Judgment in Plaintiffs' favor against the Defendant for three times the Plaintiffs' actual damages to be proven at trial pursuant to the TCPA and attorney fees pursuant to the Act.

6. Award of prejudgment and post-judgment interest for the full amount of the Plaintiffs' claim to be proven at trial.

7. Award of damages to proven at trial to include damages pursuant to Tennessee Code Annotated §57-8-105.

8. Award Plaintiffs costs in this action.

9. Award Plaintiffs of all reasonable attorney's fees and litigation expenses incurred by Plaintiffs in this action.

10. For such other general relief.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims asserted herein that involve issues triable of right by jury.

Respectfully Submitted,

*Kathy A. Leslie*

Kathy A. Leslie #013587
202 Point East Drive
Nashville, Tennessee 37216
Ph: 1.888.598.0009
Attorney for the Plaintiffs